Richardson, Cli. J.,
delivered the opinion of the court:
The claimant’s accounts were presented to the circuit court ■of the northern district of Alabama through the district attorney, and were approved as “ according to law and just,” as required by the act of February 22,1875.' (Chap. 95, sec. 1, ■Supp. Rev. Stats., p. 145.) On presentation to the Treasury Department, the accounting officers disallowed the items set •out in the findings, and they have not been paid.
Among the several items disallowed we find but one that has not already been passed upon by the court, and held to be legal charges.
The third item is:
“ For taking separate acknowledgments at different times of defendants and sureties to find bonds for appearance at court, •at 15 cents each, $142.50.”
If any law of Alabama, where these proceedings were had, required an acknowledgment in such case, this item might be regarded as necessary under the provisions of Revised Statutes, section 721, which requires that the laws of the several States •shall be regarded as the rules of decision in trials at common law m the courts of the United States, in cases where they apply, and so might be allowed. But no such law has been called to our attention, and we are aware of none in that State nor elsewhere.
A bond is signed and sealed by the parties, and the obligation rests upon the language of the written instrument as adopted and proved by the signatures and seals of the obligors. It needs no other acknowledgment.
A 3'ecognizance is a matter of record, and is not signed nor sealed by the parties. The obligation rests wholly upon the acknowledgment made before the court or . magistrate, reduced to writing, and certified by the officer taking it, and duly recorded. Without an acknowledgment it is nothing.
The obligors in the bonds mentioned in the findings made affidavits to the amount of their property, and the commissioner certified to the taking of the oaths before him. He has been paid the statute fees for that service.
The acknowledgments were wholly unnecessary, and the charges can not be allowed. (Stafford’s Case, 25 C. Cls. R.)
Judgment will be entered for .the balance of his accounts, ■which have not been paid, in the sum of $1,503.53.